Rosalyn Maldonado, Esq.
Rosalyn Maldonado P.C.
108 S. Franklin Avenue, Suite 11
Valley Stream, New York 11580
(516) 274-0613

*Attorney for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

DINO ANTOLINI,                                           Case No. 1:18-cv-02942(LGS)

Plaintiff,

-against-                                    **ANSWER**

STEVEN GAUTIER-WINTHER, NINE & C, LLC,
DIMITRI C. VLAHAKIS a/k/a DIMITRI C.
VLAMAKIS, KIMLOAN PHAM and 177 CHRYSTIE
INC.,

Defendants.
-----------------------------------------------------------------------X

Defendants, STEVEN GAUTIER-WINTHER, NINE & C, LLC, DIMITRI C.

VLAHAKIS a/k/a DIMITRI C. VLAMAKIS, KIMLOAN PHAM and 177 CHRYSTIE INC.,

(collectively "Defendants"), by their attorney, ROSALYN MALDONADO P.C., as and for their

Answer to the Complaint, allege as follows:

### JURISDICTION AND PARTIES

1.    Deny having knowledge or information sufficient to form a belief as to the truth

of the allegations contained in paragraph designated "1" of the Complaint and refer questions of

law to the Court.

2.    Admit that venue is proper; deny all other allegations contained in paragraph

designated "2" of the Complaint and refer questions of law to the Court.

3.　　Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated "3" and "4" of the Complaint and refer questions of law to the Court.

4.　　Deny the allegations contained in paragraph designated "5" of the Complaint.

5.　　Admit that Defendant 177 Chrystie Inc. operates the restaurant and Defendant Nine & C LLC owns the property wherein the restaurant is operated; all other allegations contained in paragraph designed "6" of the Complaint are denied.

6.　　Admit that Defendant 177 Chrystie Inc. operates the restaurant, Esperanto; all other allegations contained in paragraph designed "7" of the Complaint are denied and questions of law are referred to the Court.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7.　　Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated "8", "9", "10" and "11" of the Complaint and refer questions of law to the Court.

8.　　Deny the allegations contained in paragraphs designated "12", "13", "14", "15" and "16" of the Complaint and refer questions of law to the Court.

9.　　Deny the allegations contained in paragraph designated "17" of the Complaint.

10.　　Deny the allegations contained in paragraphs designated "18", "19", "20" and "21" of the Complaint and refer questions of law to the Court.

## COUNT II – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

11.　　Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "22" of the Complaint and refer questions of law to the Court.

12.     Deny the allegations contained in paragraphs designated "23" and "24" of the Complaint and refer questions of law to the Court.

## COUNT III – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

13.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs designated "25" and "26"of the Complaint.

14.     Deny the allegations contained in paragraphs designated "27", "28", "29", "30", "31", "32", "33", "34"and "35" of the Complaint and refer questions of law to the Court.

## ATTORNEYS' FEES AND COSTS

15.     Deny the allegations contained in paragraph designated "36" of the Complaint and refer questions of law to the Court.

## DAMAGES

16.     Deny the allegations contained in paragraph designated "37" of the Complaint and refer questions of law to the Court.

## INJUCTIVE RELIEFE

17.     Deny having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph designated "38" of the Complaint and refer questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

18.     Upon information and belief, the Complaint fails to state a cause of action upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

19.     Court lacks personal jurisdiction over the Defendants due to lack of proper service.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

20.     Defendant 177 Chrystie Inc. is unable to make the Subject Facility ADA compliant due to architectural barriers that would have an adverse impact on the structural integrity of the building in which the Subject Facility is located and modifications to the Subject Facility would not be readily achievable.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

21.     The Defendant 177 Chrystie Inc. has made reasonable accommodations to ensure that its customers are provided equal access to the goods and services offered at the Subject Facility, i.e. such as offering outside seating in the warmer seasons, such as Fall, Spring and Summer; delivery services; and takeout.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

22.     Defendant 177 Chrystie Inc. offers a ramp to grant persons with disabilities access to the Subject Facility; however, the bathrooms of the establishment are not handicap accessible due to architectural barriers.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

23.     Upon information and belief, Defendant did not know that Plaintiff attempted to seek access to its restaurant as alleged in the Complaint, as Defendant 177 Chrystie Inc. has no record of such an incident because the restaurant has a ramp which would have enabled the Plaintiff to gain access to the establishment at the time he allegedly visited the Subject Facility.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

25.     Defendants Steven Gautier-Winther, Nine & C, LLC, Dimitri C. Vlahakis and Kimloan Pham are improper parties to this action as the Subject Facility is leased and operated by defendant 177 Chrystie Inc. only.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

26.     Compelling the Defendant 177 Chrystie Inc. to modify the Subject Facility would result in an undue burden due to significant difficulty and expense.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

27.     The Subject Facility was constructed and in operation prior to January 26, 1993, is not a new construction, and  no alterations were made to the Subject Facility after January 26, 1992.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

28.     Upon information and belief, Plaintiff did not issue pre-suit notice to Defendants that he was denied access to the Subject Facility due to his disability.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

29.     Plaintiff has no standing because there is no immediate threat of future harm.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

30.     Defendants reserve their right to assert additional affirmative defenses, which may be revealed during the course of discovery in this matter or otherwise.

ROSALYN MALDONADO P.C.
By: _____
Rosalyn Maldonado, Esq.
Attorney for Defendants
108 South Franklin Avenue, Suite 11
Valley Stream, New York 11580
(516) 274-0613
Fax: (516) 274-0615
Email:  rmaldonado@rmaldonadolaw.com

TO:     Stuart H. Finkelstein, Esq.
Finkelstein Law Group, PLLC
Attorney for Plaintiff
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900
Finkelsteinlawgroup@gmail.com